**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ELIO BORJA MARTINEZ, | No.   21-812 |
| Petitioner, | Agency No. A208-993-827 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2023**
Seattle, Washington

Before:  BYBEE and FORREST, Circuit Judges, and SEEBORG,*** District Judge.

Elio Borja Martinez petitions for review of a Board of Immigration Appeals

("BIA") decision denying his applications for asylum, withholding of removal, and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

relief under the Convention Against Torture ("CAT").  We review denials of asylum, withholding of removal, and CAT relief for substantial evidence.  *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018).  We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1.  The BIA did not err by upholding the Immigration Judge's ("IJ") adverse credibility finding against Borja Martinez. As required by the REAL ID Act, credibility determinations must be based on the "totality of the circumstances, and all relevant factors." *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Contrary to Borja Martinez's argument, the IJ did not cherry pick facts and disregard explanations to the contrary. Instead, the IJ "provide[d] specific and cogent reasons in support" of his determination, *id.* at 1044 (citation omitted)—namely, inconsistencies in substantive testimony that concern "the very heart of [Petitioner's] claim," such as: whether he did or did not respond to a gang recruitment effort (and how many times he had been solicited); why he testified that he had personally been accosted at gunpoint while out on his job, whereas his written statement indicated only that his coworkers were threatened on one of Petitioner's days off; and whether, after the murder he witnessed, the police arrived within 15 minutes (as indicated in the written statement), or three hours later, during which time people were present for a "soccer tournament going on around [the] dead kid," as he testified. The BIA found that these were significant

2

inconsistencies, and Petitioner's proffered explanations of "imperfect memory and difficulty in remembering specific facts," do not compel a contrary conclusion.[1] Because the adverse credibility determination is dispositive of both Petitioner's claims for asylum and withholding of removal, we do not reach the social distinction issue.

2. Substantial evidence also supports the BIA's denial of CAT relief. The BIA found that Borja Martinez failed to establish that it was "more likely than not" that he would be tortured in El Salvador. *See* 8 C.F.R. § 1208.16(c)(2). On appeal, Borja Martinez argues that though the IJ "lamented the general state of affairs in El Salvador, [it] failed to actually analyze the evidence actually submitted" and that "country conditions alone can play a decisive role." However, the IJ indicated that he had considered the evidence in the record and found that "the generalized evidence of conditions" did not translate into a "more likely than not chance that [Borja Martinez] would be tortured should he be removed to El Salvador." On

---

[1] Petitioner also suggests, without articulating or developing a specific argument, that "[a]n arbiter is not neutral and violates due process if he has pre-decided the case or disregards a witness' testimony." To the extent that argument is not waived for failing to satisfy Fed. R. App. P. 28(a)(8)(A), the cases that Petitioner cites for this proposition, *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049 (9th Cir. 2005) and *Kaur v. Ashcroft*, 388 F.3d 734, 737 (9th Cir. 2004), are entirely distinguishable. Here, the IJ did not prejudge the credibility of Petitioner's factual testimony, or refuse to hear expert or otherwise corroborating testimony on Petitioner's behalf, but voiced initial thoughts on a legal question which was subsequently analyzed and explained in his decision.

3

review, nothing in Borja Martinez's testimony or the country conditions reports "compel[s] the conclusion that [he] would be tortured if returned." *Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006). There are indications that the IJ considered the documentary evidence, *Garcia v. Holder*, 749 F.3d 785, 791-92 (9th Cir. 2014), and such evidence fails to evince a particularized threat that Petitioner himself faces. This is further underscored by the record's absence of credible accounts of direct threats or violence against Petitioner. Because Borja Martinez's evidence fails to compel a finding that it is "more likely than not" that he would be tortured in El Salvador, substantial evidence supports the BIA's denial of CAT relief.

**PETITION DENIED.**